**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 95-40325
(Summary Calendar)
_____

TOMMY STEVEN MACKLIN,

Plaintiff/Appellant,

versus

CITY OF BROOKSIDE VILLAGE, ET AL.,

Defendants,

CITY OF BROOKSIDE VILLAGE,

Defendant/Appellee.

_____

Appeal from United States District Court
for the Southern District of Texas
(G-94-CV-297)
_____

January 2, 1996

Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Tommy Steven Macklin, appeals the district court's dismissal of his complaint because he claims that he has stated a cause of action for constructive discharge from the Brookside Village Police Department which violated his procedural and substantive due process rights. He challenges the district court's findings that he waived his procedural due process claims and that the employment did not violate his substantive due process rights. We find that the plaintiff was not constructively

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

1

discharged, and that he has failed to state a cause of action regarding violations to his procedural and substantive due process rights. Therefore, we affirm the district court's judgment of dismissal.

## FACTS

Macklin, a part-time police officer with the Brookside Village Police Department, came under investigation after a woman complained about Macklin. During the course of its investigation, the City obtained various statements from witnesses who claimed that Macklin, engaged in sexual discussions with various females while in uniform. On October 6, 1993, Gregg Meade, chief of police, met with Macklin and informed him of the complaints and the subsequent investigation. Meade gave Macklin copies of the witnesses' statements alleging sexual misconduct. When Meade questioned Macklin about the truth of the allegations, he responded that the vast majority were fabricated. Meade then advised Macklin to resign because if Macklin was terminated because of sexual harrassment, he would have difficulty finding employment.

On October 20, 1993, Meade again met with Macklin and questioned him about the allegations. When Macklin said he would not respond without his attorney being present, Meade terminated Macklin and ordered him to return all city property in his possession. Later the same day, Macklin asked Meade if he could resign so that he would not lose his state commission as a peace officer. Meade granted Macklin's request, but prohibited him from working for the City or doing security work until after the effective date of the termination. Macklin resigned.

Although the City had written policies and procedures for employees to challenge their supervisors' decisions and provided a means for appeal, the City was silent regarding the procedures for a terminated employee to contest or appeal an employment decision. After Macklin resigned, he found no means to dispute the charges brought against him. Accordingly, he filed suit alleging that he was constructively discharged in violation of his procedural and substantive due process rights

Macklin voluntarily dismissed Meade from the case. The City moved to dismiss Macklin's complaint under Federal Rule of Civil Procedure 12(b)(6). The district court granted the City's motion and Macklin appealed.

2

**DISCUSSION**

**A.    STANDARD OF REVIEW.**

We review de novo the granting of a motion to dismiss, accepting as true all well pleaded assertions in the light most favorable to the plaintiff. See American Waste & Pollution Control Co. v. Browning-Ferris, 949 F.2d 1384, 1386 (5th Cir. 1991). Dismissal is appropriate only if the district court could not afford relief to the plaintiff under any set of facts consistent with the allegations in the complaint. Id. Accordingly, we will uphold the dismissal only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). In viewing the facts in favor of the plaintiff, we need not strain to find inferences favorable to the plaintiff. Therefore, we will view the facts in Macklin's favor, and Macklin is entitled to all inferences that surface from a fair and reasonable reading of the pleadings.

**B.    *CONSTRUCTIVE DISCHARGE*.**

Macklin challenges the district court's finding that his resignation was a voluntary action. Macklin claims that it was only after his employment terminated that he sought a course of action to preserve his ability to work in the law enforcement field.

The City counters that Macklin knowingly and voluntarily chose to resign from the police force. Further, the City maintains that the constructive discharge doctrine does not apply because it did not force Macklin to resign in order to avoid affording him pre-termination procedures.

We have previously enunciated the constructive discharge standard in Young v. Southwestern Savings & Loan Ass'n, 509 F.2d 140 (5th Cir. 1975). If an employee is subjected to intolerable working conditions that compel resignation, we will treat the resignation as a formal discharge. The standard is as follows:

> The general rule is that if an employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer has encompassed a constructive discharge and is liable for any illegal conduct involved therein as if it had formally discharged the aggrieved

3

employee.

*Young*, 509 F.2d at 144. The intolerable situation must place the employee "between the Scylla of voluntary resignation and the Charbydis of forced termination" in order for us to find constructive discharge. Fowler v. Carrollton Public Library, 799 F.2d 976, 981 (5th Cir. 1986). The intolerableness is judged under a reasonable employee standard. Bourque v. Powell Elec. Mfg. Co., 617 F.2d 61, 65 (5th Cir. 1980) ("the working conditions would have been so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign"). The employee has the burden of proving constructive discharge. Jurgens v. EEOC, 903 F.2d 386, 390 (5th Cir. 1990).

Accordingly, we must determine whether Macklin proved that his working conditions were made so *intolerable* that he was *compelled* to resign. Macklin was actually terminated on October 20, 1993 because of allegations and supporting evidence that Macklin had engaged in improper sexual discussions while in uniform. Macklin's resignation resulted from his employer's benevolent agreement to allow him to resign instead of facing the already rendered termination. The City was doing Macklin a favor by letting him resign because resignation would allow him to keep his state commission as a peace officer.

We find that an employee who has engaged in conduct justifying termination does not face the "intolerable" working conditions contemplated by the constructive discharge doctrine. The employee in that situation has made his own working condition intolerable and has resigned in order to escape the employment situation with the least amount of damage to his employment history and/or reputation. See Shawgo v. Spradlin, 701 F.2d 470, 482 (5th Cir.), cert. denied, 464 U.S. 965, 104 S. Ct. 404, 78 L. Ed. 2d 345 (1983) (refusing to find constructive discharge where the plaintiffs' actions made their own situation intolerable). The constructive discharge doctrine was not created to give a properly terminated or terminable employee a cause of action. We hold that when an employee has engaged in conduct justifying his termination and has been or will be terminated because of that conduct, a resignation accepted by the employer in place of the termination cannot

4

be deemed a constructive discharge. We further hold that a resignation given under these circumstances is voluntarily given and not compelled. Accordingly, we find that the district court properly concluded that Macklin voluntarily resigned and, therefore, had not been constructively discharged.

## C.    *DUE PROCESS.*

Our conclusion that Macklin was not constructively discharged obviates the need to discuss the merits of Macklin's arguments regarding the district court's errors concerning his procedural and substantive due process claims.

We further find that, under the circumstances, it would be a waste of judicial resources and the resources of the parties to allow Macklin an opportunity to amend his complaint. His knowing and voluntary resignation makes it impossible for him to allege a viable procedural or substantive due process claim. A ruling allowing amendment would merely be an exercise in futility.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court dismissing the plaintiff's complaint.